# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| Fort Des Moines Church of Christ, a nonprofit religious corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>Angela Jackson, Patricia Lipski, Mathew Hosford, Tom Conley, Douglas Oelschlaeger, Lily Lijun Hou, and Lawrence Cunningham, each in his or her official capacity as Commissioners of the Iowa Civil Rights Commission; Kristen H. Johnson,[1] in her official capacity as the Executive Director of the Iowa Civil Rights Commission; Tom Miller, in his official capacity as the Attorney General of the state of Iowa; and the City of Des Moines, Iowa,<br><br>    Defendants. | Case No. 4:16-cv-00403-SMR-CFB<br><br><br>**STATE DEFENDANTS' RESISTANCE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

## TABLE OF CONTENTS

BACKGROUND ........................................................................................................................2

LEGAL STANDARDS ............................................................................................................3

ARGUMENT ............................................................................................................................4

    I.  PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS........................................4

        A. Free Speech Clause of the First Amendment..................................................................6

        B. Religion Clauses of the First Amendment ......................................................................9

            1. Free Exercise Clause..................................................................................................9

            2. Establishment Clause ...............................................................................................11

---

[1]The correct spelling of Ms. Johnson's name is Kristin H. Johnson.

  C. Overbroad and Vagueness Challenges – Free Speech Clause of the First Amendment
    and Due Process Clause of the Fourteenth Amendment...............................................11

II. PLAINTIFF HAS NOT SHOWN IRREPARABLE HARM ...........................................12

III. PLAINTIFF HAS NOT SHOWN THAT THE BALANCE OF THE HARMS OF
  GRANTING OR DENYING THE INJUNCTION ARE IN ITS FAVOR ......................14

IV. PLAINTIFF HAS NOT SHOWN THAT GRANTING THE INJUNCTION IS IN THE
  PUBLIC'S INTEREST ....................................................................................................14

CONCLUSION................................................................................................................................14

**COME NOW** Defendants Angela Jackson, Patricia Lipski, Mathew Hosford, Tom Conley, Douglas Oelschlaeger, Lily Lijun Hou, and Lawrence Cunningham, all in their official capacities as Commissioners of the Iowa Civil Rights Commission; Kristin H. Johnson, in her official capacity as the Executive Director of the Iowa Civil Rights Commission; and Tom Miller, in his official capacity as the Attorney General of the State of Iowa (collectively the "State Defendants"), and submit this Resistance to Plaintiff's Motion for Preliminary [Injunction] pursuant to Federal Rule of Civil Procedure 65. The Court should grant the State Defendants' contemporaneously-filed Motion to Dismiss and deny Plaintiff's Motion as moot.

## BACKGROUND

Plaintiff Fort Des Moines Church of Christ filed the present Complaint on July 4, 2016. Compl. (ECF No. 1). Plaintiff challenges as unconstitutional the following provisions of the Iowa Civil Rights Act (ICRA): Iowa Code §§ 216.2(13) and 216.7, and of the Des Moines City Code, §§ 62-1, 62-136, and 62-137(1).[2] *Id.* ¶ 109. The Complaint alleges as a First Cause of

---

[2]Plaintiff asserts that the City of Des Moines "enacted a nearly identical provision to Iowa Code § 216.7, prohibiting discrimination by public accommodations." Compl. ¶ 5. It is not clear, however, that the City of Des Moines is properly joined as a defendant. *See* Fed. R. Civ. P. 20(a)(2) (stating that persons may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; <u>and</u> (B) any question of law or fact common to all defendants will arise in the action).

Action: Violation of the Free Speech Clause of the First Amendment to the United States Constitution; Second Cause of Action: Violation of the Religion Clauses of the First Amendment to the United States Constitution; Third Cause of Action: Violation of the Right to Expressive Association of the First Amendment to the United States Constitution; Fourth Cause of Action: Violation of the Right to Peaceably Assemble of the First Amendment to the United States Constitution; and Fifth Cause of Action: Violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Id.* ¶¶ 110-197.

On July 13, 2016, Plaintiff filed a Motion for Preliminary [Injunction] and a Memorandum in support, with attachments. *See* ECF Nos. 9, 9-1, 9-2, 9-3, and 10. In addition to this Resistance to the motion, the State Defendants are filing a Motion to Dismiss and a Brief in support. In their Motion to Dismiss, the State Defendants request that the Court dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), and in the alternative, Rule 12(b)(6) and *Younger* abstention.

## LEGAL STANDARDS

The power to grant a preliminary injunction is an extraordinary form of relief and must be carefully considered. *Iowa Right to Life Comm., Inc. v. Smithson*, 750 F. Supp. 2d 1020, 1028 (S.D. Iowa 2010) (citation omitted). "'To receive injunctive relief, a movant must establish the following factors: (1) a likelihood of success on the merits; (2) irreparable harm; (3) that the balance of the harms of granting or denying the injunction are in its favor; and (4) that granting the injunction is in the public's interest.'" *Gomez v. Allbee*, 134 F. Supp. 3d 1159, 1173 (S.D. Iowa 2015) (quotation omitted); *see also Powell v. Noble*, 798 F.3d 690, 697 (8th Cir. 2015) (citation omitted). If the party with the burden of proof makes a threshold showing that it is

likely to prevail on the merits, the district court should then proceed to weigh the other factors. *Iowa Right to Life Comm., Inc.*, 750 F. Supp. 2d at 1029 (quotation omitted).

In addition, "[f]ailure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction." *Gomez*, 134 F. Supp. 3d at 1173 (quoting *Rogers Grp., Inc. v. City of Fayetteville, Ark.*, 629 F.3d 784, 789 (8th Cir. 2010)). To succeed in demonstrating a threat of irreparable harm, the movant must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief. *Id.* at 1181 (quoting *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 778 (8th Cir. 2012)); *Powell*, 798 F.3d at 702 (quotation omitted).

## ARGUMENT

For the reasons argued in the State Defendants' Brief in Support of Motion to Dismiss, the Court should not even reach this point of the analysis because the Court lacks federal subject matter jurisdiction. Even if subject matter jurisdiction exists, Plaintiff does not satisfy the standards for a preliminary injunction.

**I.   PLAINTIFF IS UNLIKELY TO SUCCEED ON THE MERITS.**

For all of the reasons argued in the State Defendants' Motion to Dismiss and Brief, Plaintiff is unlikely to succeed on the merits. Plaintiff is unlikely to succeed because no Article III case or controversy exists, so the Court lacks federal subject matter jurisdiction. Plaintiff is also unlikely to succeed because the State Defendants have Eleventh Amendment sovereign immunity, and because the Complaint fails to state a claim upon which relief can be granted. The State Defendants will not repeat all of those arguments here, but incorporate their arguments as reasons why the Court should deny Plaintiff's Motion for Preliminary Injunction.

In general, Plaintiff states that it is bringing both "facial" and "as applied" constitutional challenges in this case. *See* Compl. at ¶¶ 111, 146, 189, 190.[3] With respect to the Motion for Preliminary Injunction, Plaintiff summarizes its argument for success on the merits as follows:

> The First and Fourteenth Amendments protect the Church's right to both communicate its doctrine and govern its affairs. But the Commission and its interpretation of Iowa Code §§ 216.2(13) and 216.7, and the City Code, chill the Church's speech and compels it to use its facilities in a way that violates its beliefs without a compelling government interest, violating both the Religion Clauses and the Free Speech Clause. Additionally, the speech ban (§ 216.7(1)(b)) is unconstitutionally overbroad, and both the speech ban and the religious institutions exemption (§ 216.7(2)(a)) are unconstitutionally vague, infringing the Church's Due Process and Free Speech rights.[4]

Pl.'s Mem. in Supp. of its Mot. for a Prelim. Inj. ("Pl.'s Mem.") (ECF No. 9-1) at 7. Public accommodation laws do not, as a general matter, violate the First or Fourteenth Amendments. *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Boston*, 515 U.S. 557, 572 (1995). Plaintiff is unlikely to succeed on the merits of any of these claims.

Plaintiff has not demonstrated that it is even subject to the ICRA's prohibition against unfair or discriminatory practices in accommodations and services. To be subject to the prohibition, a place must first be a "public accommodation." Iowa Code § 216.7(1). The

---

[3] "An as-applied challenge consists of a challenge to the statute's application only as-applied to the party before the court. If an as-applied challenge is successful, the statute may not be applied to the challenger, but is otherwise enforceable." *Minn. Majority v. Mansky*, 708 F.3d 1051, 1059 (8th Cir. 2013) (internal quotation and quotation omitted); *see also id*. (citing *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010) (holding that the distinction between a facial challenge and an as-applied challenge "goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint")).

[4] Plaintiff does not argue that it will likely succeed on the merits of its third and fourth causes of action, the Right to Expressive Association and the Right to Peaceably Assemble. Instead, Plaintiff's brief focuses on the Religion Clauses and the Free Speech Clause, as well as the Due Process Clause. *See* Pl.'s Mem. in Supp. of its Mot. for a Prelim. Inj. at 7 & n.6 (stating "[t]he Church raises additional claims in its complaint and reserves the right to pursue them in later filings."). Therefore, the State Defendants will not address the merits of the third and fourth claims at this time, but they reserve the right to do so should Plaintiff expand its Motion for Preliminary Injunction to encompass these claims.

definition of "public accommodation" is set forth in Iowa Code § 216.2(13).[5] Even if a place is a public accommodation covered by § 216.7(1), there is an exemption for bona fide religious institutions. *See* Iowa Code § 216.7(2)(a) ("Any bona fide religious institution with respect to any qualifications the institution may impose based on religion, sexual orientation, or gender identity when such qualifications are related to a bona fide religious purpose."). In other words, Plaintiff would need to meet the threshold definition for a "public accommodation," and also fail to satisfy the religious exemption, to come within the reach of the statute.

### A. Free Speech Clause of the First Amendment

The First Amendment of the United States Constitution states in part that Congress shall make no law "abridging the freedom of speech." U.S. Const. amend. I. Plaintiff is unlikely to succeed on this claim.

---

[5]According to the definition:

> 13. a. "Public accommodation" means each and every place, establishment, or facility of whatever kind, nature, or class that caters or offers services, facilities, or goods <u>for a fee or charge to nonmembers</u> of any organization or association utilizing the place, establishment, or facility, provided that any place, establishment, or facility that caters or offers services, facilities, or goods to the nonmembers <u>gratuitously</u> shall be deemed a public accommodation if the accommodation receives <u>governmental support or subsidy</u>. Public accommodation <u>shall not mean any bona fide private club or other place, establishment, or facility which is by its nature distinctly private</u>, except when such distinctly private place, establishment, or facility caters or offers services, facilities, or goods to the nonmembers for fee or charge or gratuitously, it shall be deemed a public accommodation during such period.
>
> b. "Public accommodation" includes each <u>state and local government unit or tax-supported district</u> of whatever kind, nature, or class that offers services, facilities, benefits, grants or goods to the public, gratuitously or otherwise. This paragraph shall not be construed by negative implication or otherwise to restrict any part or portion of the preexisting definition of the term "public accommodation".

Iowa Code § 216.2(13) (emphases added).

6

In *Craig v. Masterpiece Cakeshop, Inc.*, a cake shop and its owner argued that requiring them to provide a wedding cake for a same-sex marriage violated their constitutional rights to freedom of speech and the free exercise of religion. 370 P.3d 272, 276 (Colo. Ct. App. 2015), *petition for cert. docketed*, July 26, 2016. In that case, the Colorado Civil Rights Commission had ordered the cake shop not to discriminate against potential customers because of their sexual orientation, and the court concluded that the Commission's order did not force the cake shop to engage in compelled expressive conduct in violation of the First Amendment. *Id.* at 288. The court recognized that Colorado's law prohibits the cake shop "from displaying or disseminating a notice stating that it will refuse to provide its services based on a customer's desire to engage in same-sex marriage or indicating that those engaging in same-sex marriage are unwelcome at the bakery." *Id.* Nevertheless, the court explained that Colorado's law did not prevent the cake shop "from posting a disclaimer in the store or on the Internet indicating that the provision of its services does not constitute an endorsement or approval of conduct protected by" the law. *Id.* The cake shop could also post a message indicating that the law "requires it not to discriminate on the basis of sexual orientation and other protected characteristics." *Id.; see also Elane Photography, LLC v. Willock*, 309 P.3d 53, 59, 63-72 (N.M. 2013) (deciding that New Mexico Human Rights Act does not violate free speech guarantees because it does not compel photographer to either speak a government-mandated message or publish the speech of another).

Iowa's public accommodations law states, in relevant part:

1. It shall be an unfair or discriminatory practice for any owner, lessee, sublessee, proprietor, manager, or superintendent of any <u>public accommodation</u> or any agent or employee thereof:

a. To refuse or deny to any person because of race, creed, color, sex, <u>sexual orientation, gender identity</u>, national origin, religion, or disability the accommodations, advantages, facilities, services, or privileges thereof, or otherwise to discriminate against any person because of race, creed, color, sex,

7

> sexual orientation, gender identity, national origin, religion, or disability in the furnishing of such accommodations, advantages, facilities, services, or privileges.
>
> b. To directly or indirectly advertise or in any other manner indicate or publicize that the patronage of persons of any particular race, creed, color, sex, sexual orientation, gender identity, national origin, religion, or disability is unwelcome, objectionable, not acceptable, or not solicited.
>
> 2. This section shall not apply to:
>
> a. Any bona fide religious institution with respect to any qualifications the institution may impose based on religion, sexual orientation, or gender identity when such qualifications are related to a bona fide religious purpose.

Iowa Code § 216.7 (emphases added).

As explained above, Plaintiff would first need to satisfy the threshold definition for a "public accommodation," and also fail to satisfy the religious exemption, to come within the reach of the statute. Even if Plaintiff does so, the law does not abridge Plaintiff's free speech rights for the same reasons as in *Craig* and *Elane Photography*. It does not compel Plaintiff to either speak a government-mandated message or publish the speech of another, but simply to treat individuals equally in regard to public accommodations. *See Craig*, 370 P.3d 272, 276; *Elane Photography, LLC*, 309 P.3d 53, at 63-72. In a comparable situation, the Iowa Supreme Court considered a declaratory judgment action against the City of Iowa City and the Iowa City Human Rights Commission involving ordinances prohibiting employment and housing discrimination. *Baker v. City of Iowa City*, 867 N.W.2d 44 (Iowa 2015). The court held that the ordinances were not unconstitutional as applied with regard to First Amendment Freedom of Association and Freedom of Speech challenges, as well as Due Process and Equal Protection challenges. *Id.* at 52-58.

Even if Iowa's public accommodations law causes some incidental limitation on Plaintiff's free speech rights, it serves a compelling State interest unrelated to the suppression of a message, and the impact is no more than necessary to achieve this purpose. *See Craig*, 370 P.3d at 285 (quotation and citations omitted); *Roberts v. U.S. Jaycees*, 468 U.S. 609, 624 (1984) (explaining that "the State's strong historical commitment to eliminating discrimination and assuring its citizens equal access to publicly available goods and services . . . plainly serves compelling state interests of the highest order" (internal citation omitted)).

### B. Religion Clauses of the First Amendment

The "religion clauses" of the First Amendment include the Free Exercise Clause and the Establishment Clause. "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Plaintiff is also unlikely to succeed on these claims.

#### 1. Free Exercise Clause

The United States Supreme Court applied a rational basis test to a Free Exercise claim in *Employment Division v. Smith*, 494 U.S. 872, 879 (1990), holding that neutral laws of general applicability need only be rationally related to a legitimate governmental interest in order to survive a constitutional challenge. *Craig*, 370 P.3d at 289 (citing *Smith*, 494 U.S. at 879). "As a general rule, such laws do not offend the Free Exercise Clause." *Id.* Higher scrutiny applies if a law burdens a religious practice and is not neutral or not generally applicable, so that it "must be justified by a compelling government interest" and must be narrowly tailored to advance that interest." *Id.* (citations omitted). The Court found only one law to be neither neutral nor generally applicable – an ordinance prohibiting ritual animal sacrifice. *Id.* at 290. In *Craig*, the court concluded that Colorado's public accommodations law was neutral and generally

9

applicable, notwithstanding its religious exemptions. *Id.* at 290-92. The court "easily conclude[d] that it is rationally related to Colorado's interest in eliminating discrimination in places of public accommodation." *Id.* at 288, 293.

As states have added "sexual orientation" as a protected class, courts in other jurisdictions have reached similar results regarding their states' public accommodations laws. *See, e.g., Stevens v. Optimum Health Institute—San Diego*, 810 F. Supp. 2d 1074, 1095-97 (S.D. Cal. 2011) (deciding California laws presented no Free Exercise violation). The Supreme Court of New Mexico considered a photography company's refusal to photograph a same-sex commitment ceremony and decided that the refusal violated the New Mexico Human Rights Act (NMHRA) in the same way as if it had refused to photograph a wedding between people of different races. *Elane Photography, LLC*, 309 P.3d at 59. The court also held that NMHRA is a neutral law of general applicability, and does not offend the Free Exercise Clause. *Id.* at 59, 75.

Likewise, a rational basis test applies to Plaintiff's Free Exercise claim in this case. Iowa Code § 216.7 is neutral and generally applicable. It does not discriminate on the basis of religion, it exempts certain bona fide religious institutions. *See* Iowa Code § 216.7(2)(a); *Craig*, 370 P.3d at 291 (quotation omitted). "A law need not apply to every individual and entity to be generally applicable; rather, it is generally applicable so long as it does not regulate only religiously motivated conduct." *Craig*, 370 P.3d at 290 (citing *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 542-43 (1993)). In addition, the United States Supreme Court has consistently recognized that states have a compelling interest in eliminating discrimination in places of public accommodation, and Iowa Code § 216.7 furthers that interest. *See Craig*, 370 P.3d at 293 (citations omitted); *Roberts*, 468 U.S. at 624 (explaining that "the State's strong historical commitment to eliminating discrimination and assuring its citizens equal

10

access to publicly available goods and services . . . plainly serves compelling state interests of the highest order" (internal citation omitted)).  Iowa Code § 216.7 is rationally related to a legitimate governmental interest (and would also be justified by a compelling government interest and narrowly tailored to advance that interest).  Plaintiff is unlikely to succeed on the merits of its Free Exercise claim.

        **2.**        **Establishment Clause**

Plaintiff argues that the Establishment Clause prohibits government involvement in ecclesiastical decisions.  *See* Pl.'s Mem. at 7-11.  Plaintiff's citation to *Hosanna-Tabor* is distinguishable, however, because that case involved the power to determine which individuals will minister to the faithful.  *See Hosanna-Tabor Evangelical Lutheran Church & Sch. v. EEOC*, 132 S. Ct. 694, 706 (2012).  Plaintiff's quotation from *Amos* is from the concurrence.  *See* Pl.'s Mem. at 11 (quoting *Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Amos*, 483 U.S. 327, 343 (1987) (Brennan, J., concurring)).  As with the Free Exercise Clause, Plaintiff is unlikely to succeed on the merits of this claim.

        **C.**        **Overbroad and Vagueness Challenges – Free Speech Clause of the First Amendment and Due Process Clause of the Fourteenth Amendment**

Plaintiff claims that Iowa Code § 216.7(1)(b) is unconstitutionally overbroad, and that both §§ 216.7(1)(b) and 216.7(2)(a) are unconstitutionally vague.  Pl.'s Mem. at 7.  Plaintiff is unlikely to succeed on these challenges.

"Application of the overbreadth doctrine is strong medicine that should be employed sparingly and only as a last resort."  *Neely v. McDaniel*, 677 F.3d 346, 350 (8th Cir. 2012) (quotation omitted). "For a statute to be vulnerable on overbreadth grounds, there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Young v. Ricketts*, No. 15-1873, 2016 WL 3207859,

at *6 (8th Cir. June 9, 2016) (quotation and citation omitted). A law may be invalidated as overbroad if "a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep." *Minn. Majority v. Mansky*, 708 F.3d 1051, 1056 (8th Cir. 2013) (quotation omitted).

For Plaintiff to have standing to challenge the statute as vague, the statute must be unconstitutional as applied. *See Young*, 2016 WL 3207859, at *6 (quotation omitted). A statute can be impermissibly vague for either of two independent reasons: first, if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits; and second, if it authorizes or even encourages arbitrary and discriminatory enforcement. *Hill v. Colorado*, 530 U.S. 703, 732 (2000) (citation omitted).

Neither test has been met here. Plaintiff has not shown that it has standing, let alone a realistic danger that the statute will significantly compromise the First Amendment protections of other parties. Plaintiff has also not shown that the public accommodations law applies to it, or that it is unconstitutional as applied to its particular circumstances. In *Roberts*, the United States Supreme Court held that Minnesota's public accommodations law was not unconstitutionally vague and overbroad. *Stevens*, 810 F. Supp. 2d at 1098 (quoting *Roberts*, 468 U.S. at 629). The federal district court in *Stevens* reached the same result as to California's Unruh Civil Rights Act and the Disabled Persons Act. *Id.* at 1099. Plaintiff is unlikely to succeed on the merits for the same reasons.

## II. PLAINTIFF HAS NOT SHOWN IRREPARABLE HARM.

Because Plaintiff has not made a threshold showing that it is likely to succeed on the merits, the Court is not required to consider the remaining injunctive relief factors. *See Iowa*

*Right to Life Comm., Inc.*, 750 F. Supp. 2d at 1029, 1048 (quotation and citation omitted). Nevertheless, these factors do not weigh in Plaintiff's favor.

Plaintiff has not shown that it will suffer irreparable harm if the preliminary injunction is not issued. *See* Pl.'s Mem. at 19. Plaintiff states that fearing reprisal, it chills and self-censors its speech. Although a chilling effect on speech protected by the First Amendment can constitute an injury in fact, allegations of a subjective chill are not an adequate substitute for a claim of <u>specific present objective</u> harm or a threat of <u>specific future</u> harm. *Balogh v. Lombardi*, 816 F.3d 536, 542 (8th Cir. 2016) (quotation omitted). Plaintiff also points to the alleged First and Fourteenth Amendment violations themselves as the harm, so the above arguments on the merits apply. *See Iowa Right to Life Comm., Inc.*, 750 F. Supp. 2d at 1048.

The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. *Powell*, 798 F.3d at 702 (quotation and citation omitted). Where a plaintiff is unlikely to succeed in showing that its First Amendment rights have been violated, however, there is no threat of irreparable harm that warrants preliminary injunctive relief. *Id.* (citation omitted). Here, as in *Powell*, "as we have concluded Powell is unlikely to succeed in showing his First Amendment rights have been violated, we agree with the district court that Powell has not shown a threat of irreparable harm that warrants preliminary injunctive relief." *See id.* (citation omitted). Plaintiff has not shown that the alleged harm is certain and great and of such imminence that there is a clear and present need for equitable relief. *See Gomez,* 134 F. Supp. 3d at 1181. Plaintiff's failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction. *See id.* at 1173.

### III. PLAINTIFF HAS NOT SHOWN THAT THE BALANCE OF THE HARMS OF GRANTING OR DENYING THE INJUNCTION ARE IN ITS FAVOR.

Regarding the third requirement for injunctive relief, Plaintiff has not shown that the balance of the harms of granting or denying the injunction are in its favor. The balance of harms must tip decidedly and clearly in Plaintiff's favor to justify issuing a preliminary injunction. *See Iowa Right to Life Comm., Inc.*, 750 F. Supp. 2d at 1048 (quotation omitted). Plaintiff argues that without an injunction, "the Church continues to lose its free speech, free exercise, and due process rights," again tying its argument to the merits. *See* Pl.'s Mem. at 20. Plaintiff is not likely to succeed on the merits, so the balance of harms favors the State Defendants.

### IV. PLAINTIFF HAS NOT SHOWN THAT GRANTING THE INJUNCTION IS IN THE PUBLIC'S INTEREST.

Finally, Plaintiff has not shown that granting the injunction is in the public's interest. Plaintiff argues that "it is axiomatic that protection of First Amendment rights serves the public interest." *Id.* While that is true, Plaintiff has not demonstrated that it is likely to succeed on the merits of any of its First or Fourteenth Amendment claims. The United States Supreme Court has also consistently recognized that states have a compelling interest in eliminating discrimination in places of public accommodation, and Iowa Code § 216.7 furthers that interest. *See Craig*, 370 P.3d at 293 (citations omitted); *Roberts*, 468 U.S. at 624 (explaining that "the State's strong historical commitment to eliminating discrimination and assuring its citizens equal access to publicly available goods and services . . . plainly serves compelling state interests of the highest order" (internal citation omitted)).

## CONCLUSION

WHEREFORE, the Court should deny Plaintiff's Motion for Preliminary Injunction, or deny it as moot after granting the State Defendants' Motion to Dismiss. The State Defendants

are requesting that oral argument on their Motion to Dismiss be held during any hearing scheduled on Plaintiff's Motion for Preliminary Injunction. It would serve the interests of the Court and the parties to argue both motions at the same time.

Respectfully submitted,

/s/ Molly M. Weber
MOLLY M. WEBER (AT0008313)
Assistant Attorney General
Iowa Department of Justice
Hoover State Office Building
1305 East Walnut Street, 2nd Floor
Des Moines, IA 50319
(515) 281-5309 / FAX: (515) 281-4902
molly.weber@iowa.gov

Original filed; e-copy to:

Christiana Michelle Holcomb (pro hac vice)
Alliance Defending Freedom
15100 North 90th Street
Scottsdale, AZ 85260
(480) 444-0020 / FAX: (480) 444-0028
cholcomb@adflegal.org

Erik William Stanley (pro hac vice)
Alliance Defending Freedom
15100 North 90th Street
Scottsdale, AZ 85260
(480) 444-0020 / FAX: (480) 444-0028
estanley@adflegal.org

Jeremy D. Tedesco (pro hac vice)
Alliance Defending Freedom
15100 North 90th Street
Scottsdale, AZ 85260
(480) 444-0020 / FAX: (480) 444-0028
jtedesco@adflegal.org

Steve Thomas O'Ban (pro hac vice)
Alliance Defending Freedom
15100 North 90th Street
Scottsdale, AZ 85260
(253) 312-1688

soban@adflegal.org

Timm W. Reid
Galligan & Reid, P.C.
300 Walnut Street, Suite Five
Des Moines, IA 50309-2239
(515) 282-3333 / FAX (515) 282-0318
treid@galliganlaw.com

ATTORNEYS FOR PLAINTIFF

Michelle Mackel-Wiederanders
Des Moines City Attorney
400 Robert D. Ray Drive
Des Moines, IA 50309-1891
(515) 283-4537 / FAX: (515) 237-1748
mrmackel@dmgov.org

ATTORNEY FOR DEFENDANT CITY OF DES MOINES, IOWA

| **Proof of Service** |
|---|
| The undersigned certifies that the foregoing instrument was served upon each of the persons identified as receiving a copy by delivery in the following manner on <u>July 28, 2016</u>. |
| ☐ U.S. Mail ☐ FAX |
| ☐ Hand Delivery ☐ Overnight Courier |
| ☐ Federal Express ☐ Other |
| X Electronically |
| Signature: /s/ Molly M. Weber |